IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Gary Dettling                                                    Case No. 3:08CV474

         Plaintiff
                                                                 ORDER
    v.

Christa Adams,

         Defendant

This is an employment discrimination case. Plaintiff Gary Dettling alleges defendant Christa Adams, President of Owens Community College [Owens] – an Ohio-based institute of higher education, illegally terminated his employment in violation of the Uniform Services Employment and Reemployment Rights Act [USERRA], 38 U.S.C. § 4301 et seq. Dettling also alleges violations of the due process and equal protection clauses under 42 U.S.C. § 1983. Jurisdiction is proper under 38 U.S.C. § 4323(c).

Pending is Adams' motion to dismiss for failure to state a claim. [Doc. 5]. For the reasons discussed below, Adams' motion shall be granted.

**Background**

Owens initially hired Dettling in February, 2002. At the time of his firing, Dettling was Owens's Vice President of College Advancement and the Owens Community College Foundation's President and Chief Executive Officer.

1

Dettling is also a member of the U.S. Army Reserve. The Army requires that he occasionally attend multiple-day training sessions. While the Army schedules training dates in advance, it often changes them on short notice.

The Army scheduled a training from February 27 to March 3, 2006. On February 23, 2006, Dettling forwarded a memorandum to Adams detailing his 2006 military obligations. He noted that the military might require additional training as a result of its heightened state of alarm.

On March 2, 2006, while Dettling was at training, Adams sent Dettling a letter stating that Owens had eliminated the position of Vice President of College Advancement and had terminated him from his other position.

On August 7, 2007, Dettling filed suit against Owens in the Ohio Court of Claims. Dettling alleged that Owens: 1) violated USERRA; 2) invaded his privacy; 3) breached his employment contract; 4) breached an implied employment contract; 5) intentionally caused him emotional distress; 6) negligently hired, retained and supervised Adams; and 7) was liable on the basis of promissory estoppel. Dettling sought compensatory and punitive damages in excess of $400,000.

On February 26, 2008, Dettling filed his suit in this Court. His allegations and request for relief here arise out of the same factual basis as his state suit.

## Standard of Review

A court must dismiss a complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which a court can grant relief if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*,     U.S.    , 127 S. Ct. 1955, 1974 (2007).

The focus is not on whether a plaintiff will ultimately prevail, but on whether the claimant has offered "either direct or inferential allegations respecting all the material elements to sustain a

recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (citation omitted). Dismissal is warranted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In the context of a civil rights claim, "pleadings are to be liberally construed and the complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *In re Cincinnati Radiation Litigation*, 874 F. Supp. 796, 830 (S.D. Ohio 1995).

## Discussion

Adams alleges Dettling waived his federal claims by bringing suit in the Court of Claims.

A plaintiff may not hold an Ohio state employee liable for activities during his/her employment's course unless the defendant: 1) waived immunity; 2) acted outside its employment's scope; or 3) acted with a malicious purpose. O.R.C. § 2743.02(A)(1); O.R.C. § 9.86.

Ohio has waived its employees' immunity for suits filed in the Court of Claims. O.R.C. § 2743.02(A)(1).

That said, filing a civil action in the Court of Claims will generally waive any later cause of action based on the same act or omission against any officer or employee. *Id; Leaman v. Dept. Of Mental Rehabilitation and Developmental Disabilities*, 825 F.2d 946, 954 (6th Cir. 1987).[1] The Court

---

[1]

Dettling argues that the Ohio Supreme Court's decision in *Conley v. Shearer*, 64 Ohio St.3d 284, 293 (1992) reinterpreted O.R.C. § 2743.02(A)(1) and, thereby, overruled *Leaman v. Dept. of Mental Rehabilitation and Developmental Disabilities*, 825 F.2d 946 (6th Cir. 1987). The Sixth Circuit has considered and rejected his argument:

> Being so bound, assuming that we were to share the dissenting view of our
> colleague Judge Merritt in *Thomson* that the Ohio Supreme Court's decision in

3

of Claims, however, may allow a plaintiff to proceed in another court if it determines that the act or omission was clearly outside the scope of the employee's office or the defendant acted with malicious purpose, in bad faith, or in a wanton or reckless manner. O.R.C. § 2743.02(F); *Turker v. Ohio Dep't of Rehabilitation & Corrections*, 157 F.3d 453, 458 (6th Cir. 1998). A plaintiff may also proceed in federal court if he seeks equitable relief. *Thomson v. Harmony*, 65 F.3d 1314, 1320-21 (6th Cir. 1995).

Dettling argues that I can consider his claims because: 1) USERRA supersedes O.R.C. § 2743.02(A)(1); and 2) Adams' conduct was wanton or reckless.

### 1. USERRA and O.R.C. § 2743.02(A)(1)

USERRA "supersedes any State law (including any local law or ordinance), contract, agreement, policy, plan, practice or other matter that reduces, limits, or eliminates in any manner any right or benefit provided by this chapter, including the establishment of additional prerequisites to the exercise of any such right or the receipt of any such benefit." 38 U.S.C. § 4303(2).

---

*Conley* renders *Leaman* wrongly decided, we are precluded from departing from *Leaman* and *Thomson's* holdings. That can only be done by an en banc court. Of course, such a course of action remains open to both Turker and the defendants.

*Turker v. Ohio Dep't of Rehabilitation & Corrections*, 157 F.3d 453, 460 (6th Cir. 1998) (citations omitted); *see also Thomson v. Harmony*, 65 F.3d 1314, 1319 (6th Cir. 1995) ("However, contrary to the dissent, *Conley* does not alter the calculus where a party chooses to waive certain claims in order to gain access to the state's coffers via the Court of Claims; then, a plaintiff's decision to file in that forum mandates dismissal.").

Ohio courts have since found, consistent with *Conley,* that a plaintiff, even after filing suit in the Court of Claims, may bring a suit with a common factual basis in the Ohio Court of Common Pleas if his/her claim arises under § 1983. *Rose v. Ohio Dept. of Rehab. and Corr.*, 173 Ohio App. 3d 767, 775-776 (2007); *Bleicher v. University of Cincinnati College of Med.*, 78 Ohio App. 3d 302, 306 (1992). These cases do not, however, state that plaintiff may seek relief in federal court.

4

Dettling, therefore, argues that USERRA supercedes § 2743.02(A)(1)'s limitation. USERRA, however, only protects members' substantive rights – those rights that "relate to compensation and working conditions, not to affording a particular forum for dispute resolution." *Garrett v. Circuit City Stores, Inc.*, 449 F.3d 672, 678 (5th Cir. 2006); *see also Landis v. Pinnacle Eye Care*, LLC, 2007 WL 2668519, *5 (W.D. Ky.) (agreeing with *Garrett* that USERRA does not supercede provisions limiting claims to a certain judicial forum); *Klein v. City of Lansing*, 2007 WL 1521187, *2-5 (W.D. Mich) (same). As stated in *Garrett*, 449 F.3d at 678,  "An exclusive judicial forum is not a [substantive] right . . . protected by USERRA, nor is it within the scope of § 4302(b)."

Accordingly, as Dettling previously filed a similar suit in the Court of Claims, he has waived any claims seeking monetary relief based on the same set of aggregate facts that he could file in federal court.

## 2. Wanton or Reckless Conduct

Nor can I, as Dettling alleges, determine whether Adams' acted with a malicious purpose, in bad faith, or in a wanton or reckless manner. As noted, only the Court of Claims can make this determination.

Accordingly, Dettling has failed to state a claim on which he can garner relief.

## Conclusion

For the foregoing reasons, it is hereby

ORDERED THAT:

Defendant Christa Adams' motion to dismiss for failure to state a claim shall be, and the same hereby is granted.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge

5